**In re Norman GRUNDSTROM, Rita F. Grundstrom, Debtors.**

**WHITINSVILLE SAVINGS BANK, Melvin N. Nathanson, Plaintiffs,**

**v.**

**Norman GRUNDSTROM, Rita F. Grundstrom, Defendants.**

Bankruptcy No. 4–81–00563–G.

Adv. Nos. 4–81–0242, 4–81–0265.

United States Bankruptcy Court, D. Massachusetts.

Dec. 14, 1981.

Alvin Nathanson, Boston, Mass., for Melvin Nathanson.

David Davidson, Worcester, Mass., for Whitinsville Savings Bank.

Lawrence Bull, Southbridge, Mass., for debtors Grundstrom.

## MEMORANDUM DECISION ON DEBTOR'S MOTION FOR RECONSIDERATION

PAUL W. GLENNON, Bankruptcy Judge.

After a trial on the merits, this court ordered on October 26, 1981 that relief from the automatic stay of § 362 of the Bankruptcy Code (11 U.S.C. § 362) be granted to each of the above-named plaintiffs to permit the conclusion of their state foreclosure proceedings upon the debtor's residence. Bkrtcy., 14 B.R. 791. In that order, the court cited the failure of the debtor to adequately assure the court that the property in question was properly cared for, was capable of regular maintenance and heat, and that adequate insurance remained in force so as to protect the interests of the mortgagee-plaintiffs. However, because of what the court saw as a substantial equity for the debtors, it stated its intention not to permit actual foreclosure if the debtors could establish to the court's satisfaction that during the interim period they had cured the substantial "exposure" of the mortgagees on their collateral. To that end, the court granted the debtors the opportunity to request a hearing at least 3 days in advance of foreclosure and to produce evidence at that hearing that the problems noted in the October 26 order had been cured.

On Friday, November 20, 1981, a conference was held between counsel for the debtors, counsel for Whitinsville Savings Bank, and the court, the second mortgagee being unavailable at that time, regarding the possibility of the debtors entering into a private sale of their home. At that time, counsel for the debtors indicated that additional time was needed to finalize the purchase and sale agreement between the debtors and the prospective buyers. Little, if anything, was discussed about possible steps taken by the debtors to cure the problems mentioned in the court's original order. Counsel for the debtors was given until November 30, 1981 to finalize a purchase and sale agreement with the prospective buyer, and was to appear in court that day to discuss whether the second mortgagee's foreclosure sale scheduled for that date would go forward.

At the November 30th hearing, all parties having appeared through counsel, the court was told that the prospective buyer was in the process of trying to obtain financing for the purchase of the property. Moreover, the mortgagees expressed concern at the debtors' suggestion that the buyer be permitted to rent the house until financing could be obtained, their fear being that if financing was not available they would be forced to institute eviction proceedings on the renters. Finally, at no time was there any mention made of any steps taken by the Grundstroms to cure the "exposure" of the mortgagees outlined in my October 26th order. After hearing both sides, the court was satisfied that the prospective sale to the debtors' purchaser was too speculative, in view of the financing problem, to warrant further extension of the automatic stay, particularly in light of the continuing exposure to loss which the court assumed existed for the mortgagees.

Therefore, the court granted relief from the automatic stay and the second mortgagee foreclosed its security that day. The foreclosure deed was registered with the state court and the matter ended. On December 7, 1981, the debtors filed a Motion for Reconsideration of the November 30th order granting relief from stay. At a hearing on December 9, 1981, the court listened to argument from Mr. Grundstrom that as of November 30, 1981 he had complied with each and every solution suggested by the court on October 26th and that the order of November 30th was therefore in error. After listening to both sides, the court denied Mr. Grundstrom's request for reconsideration.

■ At the outset, the debtors had two opportunities to present evidence to this court that the problems which had necessitated a decision in favor of the mortgagees on October 26th had been cured. Both on November 20 and November 30 the court was willing to set aside its order of October 26 upon presentation of the proper evi-

dence. Instead, all that was presented was a prospective buyer who would require additional time to obtain financing. For that reason, and because the court was not advised of any change in circumstances from those of its original order, relief from stay was granted.

■ As to the Motion for Reconsideration, it was impossible for the court on December 9, 1981 to set aside a valid foreclosure sale which had been completed on November 30, 1981. No appeal was or has been filed from this court's orders by the debtors. Nor was any stay of foreclosure pending appeal requested. Under Bankruptcy Rule 805, unless an order approving a sale of property is stayed pending appeal, the sale to a good faith purchaser shall not be affected by the reversal of such order on appeal. Since stay of the court's order granting relief from the automatic stay was not sought, the order was final and any request to reconsider it is moot. See *Greylock Glen Corp. v. Community Savings Bank,* 656 F.2d 1 (1st Cir. 1981). Moreover, since the debtors have not challenged the good faith of the purchaser at foreclosure, nor were any irregularities about the foreclosure sale raised, it is beyond this court's power to now set aside what has been rightfully and legally completed. There is no inequity in this because the debtors had every opportunity to convince this court in advance of its decision on November 30 that they were entitled to continuation of the automatic stay, and their failure to do so can not and should not be grounds for reconsidering or otherwise revoking an order which is final and upon whose finality others have relied.